## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KAREN MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 14-1336-JWL** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Commissioner's evaluation of the treating source opinion of a Licensed Master Level Psychologist (LMLP), Ms. Von Hoy, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

### I.      Background

Plaintiff applied for DIB, alleging disability beginning June 19, 2011.  (R. 30, 201).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial

review of the final decision denying benefits.  Plaintiff argues that the Administrative

Law Judge (ALJ) applied the incorrect legal standard when evaluating the opinion of Ms.

Von Hoy because she found that Ms. Von Hoy is not an "acceptable medical source,"

and failed to accord her opinion due deference as a treating source opinion.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether she applied the

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S.

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804

(10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated

Ms. Von Hoy's opinion.

**II.     Evaluation of Ms. Von Hoy's Medical Opinion**

As noted above, Plaintiff argues that the ALJ applied the incorrect legal standard

when evaluating the medical opinion of Ms. Von Hoy because she found that Ms. Von

Hoy is not an "acceptable medical source,"  and failed to accord her opinion due

deference as a treating source opinion.  (Pl. Brief 11-12).  She argues that the ALJ's

finding that there have been no changes in Plaintiff's treatment plan other than

medication changes misunderstands the record because Plaintiff testified, and the record

confirms, that Ms. Von Hoy increased her therapy sessions from monthly to more

frequently.  Id. 14-15.

The Commissioner acknowledges that the ALJ erred in finding that Ms. Von Hoy

is not an acceptable medical source, but argues that error is harmless because the ALJ's

determination to give the opinion "little weight" is supported by substantial evidence.

(Comm'r Br. 3).  She argues that the ALJ did not discount Ms. Von Hoy's opinion

because she is not an acceptable medical source, but merely noted that Ms. Von Hoy is

not an acceptable medical source and then stated her reasons for discounting the opinion.

(Comm'r Br. 4).  She argues that every opinion in the record, including Ms. Von Hoy's, was evaluated the same way, and argues that Ms. Von Hoy's opinion was properly discounted because it was not supported by her treatment notes and was inconsistent with other record evidence.  Id. at 4-6.  She argues that the medical opinions to which Plaintiff cites as supporting Ms. Von Hoy's opinion do not actually support that opinion because the ALJ explained the portions of those opinions to which she accorded "great weight," and the portions to which Plaintiff cites were not given weight by the ALJ.  Id. at 6.

In her reply brief, Plaintiff argues that the error in mischaracterizing Ms. Von Hoy's opinion is not harmless "because a reasonable factfinder could have weighed her opinion differently had he recognized [Ms.] Von Hoy's unique qualification as a treating source."  (Reply 2).  She argues that remand is appropriate so the Commissioner can apply the correct legal standard to evaluate Ms. Von Hoy's opinion.

**A.**      **Standard for Evaluating a Treating Source Opinion**

A treating psychologist's opinion about the nature and severity of a claimant's impairments should be given controlling weight by the Commissioner if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. § 404.1527(c)(2).  When a treating source opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight she assigned that opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Watkins, 350 F.3d at 1300. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. § 404.1527(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)). However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the above factors, the ALJ must give good reasons in her decision for the weight she ultimately assigns the opinion. If the ALJ rejects the opinion completely, she must give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

**B.      The ALJ Findings With Regard to Ms. Von Hoy's Opinion**

As both parties agree, the ALJ recognized that Ms. Von Hoy provided an opinion regarding Plaintiff's mental abilities, and she explained the weight she accorded to that opinion:

> Included in the record is a medical source statement-mental provided by counselor Judy Von Hoy, LMLP on July 3, 2012.  Out of 20 areas of function, she reported four marked limitations, nine moderate and seven areas that were not significantly limited.  This is given little weight.  Ms. Von Hoy is not an acceptable medical source as noted in [20] CFR 404.1513, however, this opinion has been considered along with all the other evidence.  A review of treating notes does not reflect marked limitations.  She has provided counseling for the claimant, but there are no hospital admissions during her care.  There have been changes in medication provided by the nurse practitioner, with no other change in the treatment plan.

(R. 39).

### C.   Analysis

The regulations do not specifically define an "acceptable medical source" except by reference to examples of particular healthcare professionals who may be treating sources, nontreating sources, or nonexamining sources.  20 C.F.R. §§ 404.1502, 404.1513.  One group of healthcare professionals which the regulations provide as an example of an acceptable medical source is "Licensed or certified psychologists" as noted in 20 C.F.R. § 404.1513, and cited by the ALJ.  (R. 39).  Historically, the State of Kansas licenses psychologists who have only a master's degree as "Licensed Master Level Psychologists" (LMLP).  Kansas Behavioral Sciences Regulatory Board, Master Level Psychologists, available at: http://www.ksbsrb.org/masterpsychologists.htm (Last visited September 30, 2015).  Such psychologists may only practice under the direction of certain

licensed healthcare professionals such as Licensed Psychologists or Licensed Clinical Psychotherapists.  Id.

Based upon the facts that such psychologists are licensed within the meaning of the regulations, and that the regulations do not exclude master level psychologists from consideration as acceptable medical sources, courts in the District of Kansas have recognized them as acceptable medical sources when reviewing Social Security decisions. Huiett v. Colvin, No. 12-1350-SAC, 2014 WL 1095028, *3 (D. Kan. Mar. 19, 2014); West v. Barnhart, No. 02-1007-MLB slip op. (D. Kan. 5 May 2003); Alvarez v. Apfel, No. 94-1090-JTM, 2000 WL 433094, *2-6 (D. Kan. Jan. 30, 1998).

Therefore, as both parties agree, it was error for the ALJ to find that Ms. Von Hoy is not an acceptable medical source.  Moreover, the clear result of the ALJ's finding that Ms. Von Hoy is not an acceptable medical source is that Ms. Von Hoy could not be considered a "treating source" within the meaning of the regulations.  20 C.F.R. § 404.1502 (defining "Treating source" as an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship).  Her opinion could not be viewed as a "medical opinion" within the meaning of the regulations.  Id. at 404.1527(a)(2) (defining "medical opinions" as statements from acceptable medical sources).  Her opinion could not be accorded "controlling weight."  Id. 404.1527(c)(2) (noting the conditions under which a treating source opinion may be accorded "controlling weight").  And, her opinion would be worthy of no particular deference.  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003)

(noting that a treating source is expected to have greater insight into the patient's medical condition, and her opinion is generally entitled to "particular weight"); Watkins, 350 F.3d at 1300 (noting that a treating source opinion is "still entitled to deference" even if not given controlling weight).  There can be no doubt that the ALJ in this case was aware of and applied all of these detriments inhering in her finding that Ms. Von Hoy is not an acceptable medical source.  In light of that fact, and despite the Commissioner's argument otherwise, it is clear that one of the reasons the ALJ discounted Ms. Von Hoy's opinion was because she found that Ms. Von Hoy is not an acceptable medical source.

However, as the Commissioner points out, the ALJ also discounted Ms. Von Hoy's opinion because treating notes do not reflect marked limitations, because there were no hospital admissions during Ms. Von Hoy's care of Plaintiff, and because Ms. Von Hoy made no changes in Plaintiff's treatment plan other than the changes in medication made by a nurse-practitioner.  (R. 39).  But, even these additional findings reflect the ALJ's misunderstanding of the record.  As Plaintiff notes, she testified that Ms. Von Hoy increased the frequency of her therapy appointments, and perhaps more importantly Ms. Von Hoy herself noted that she had changed her treatment plan on April 18, 2012.  (R. 649).

In these circumstances it is clear that a factfinder who was aware that Ms. Von Hoy is in fact an acceptable medical source, and therefore a treating source, could easily have accorded greater weight to Ms. Von Hoy's opinion, even though she would not be required to do so.  The error in finding Ms. Von Hoy is not an acceptable medical source

was not harmless.  Remand is necessary for a proper evaluation of Ms. Von Hoy's opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Dated this 9th  day of October 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**