# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAREN MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1336-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412) (Doc. 19) (hereinafter EAJA Mot.). Because the position of the United States was substantially justified, both at the agency level and before this court, the court DENIES Plaintiff's motion as explained hereinafter.

I. **Consultation Pursuant to D. Kan. R. 54.2**

It is necessary before reaching the merits of Plaintiff's motion that the court first address another matter. The court notes that the record reveals Plaintiff's counsel did not follow the requirements of Local Rule 54.2 regarding "Award of Statutory Attorney's Fees." D. Kan. Rule 54.2. That rule requires the party who makes a motion for statutory attorney's fees to "promptly initiate consultation with the other party." Id. 54.2(a). If the

parties do not reach agreement regarding fees, the moving party is required to file a statement to that effect, and a memorandum providing the factual basis for the fee award criteria. Id. 54.2(c). "The statement of consultation must set forth the date of consultation, the names of those who participated, and the specific results achieved." Id. 54.2(d). The Rule contemplates that the statement of consultation and the memorandum providing the factual basis for the fee award criteria will be provided in Plaintiff's memorandum in support of her fee request. Therefore, as an exception to Rule 7.1(a) it provides that the memorandum in support of the fee request "need not be filed at the same time as the motion" for attorney fees, id. 54.2(e), and that the statement of consultation and memorandum providing the factual basis for the fee award criteria need be filed only "within 30 days of filing the motion." Id. 54.2(c).

Judgment was entered reversing the Commissioner's decision in this case and remanding for further proceedings on October 9, 2015. (Doc. 18). Within thirty days after the Commissioner's time for appeal had run without an appeal being filed, Plaintiff filed her motion for attorney fees on January 6, 2016. (Doc. 19). Along with her motion, Plaintiff filed six attachments, including a memorandum in support of her motion for attorney fees. (Doc. 19, Attach. 1) (hereinafter EAJA Mem.). On February 1, 2016, the Commissioner filed her response to the motion for attorney fees, arguing that fees should be denied because the Commissioner's position was substantially justified. (Doc. 20) (hereinafter Comm'r Resp.). In her response, the Commissioner argued "[a]s an initial matter" that Plaintiff did not follow the requirements of Local Rule 54.2. (Comm'r Resp.

2

1). Specifically, she argued that Plaintiff had not filed a statement of consultation as required by the rule and that Plaintiff's counsel had not contacted the United States' attorney or agency counsel to discuss the matter. Id. The next day, Plaintiff filed her reply in this matter. (Doc. 21) (hereinafter Pl. EAJA Reply). Therein, she argued that she had followed Local Rule 54.2, and that although Plaintiff's counsel had sent an email to the United States' attorney on January 8, 2016 (two days after she filed Plaintiff's motion) "to determine if [the U.S. attorney had] any objection to the fees," (Doc. 21, Attach. 1 (denominated "Exhibit 1" in Pl. EAJA Reply)), the Commissioner's counsel "never provided any further communication until the brief in response was filed." (Pl. EAJA Reply 1).

The court recognizes that Plaintiff's counsel apparently did "contact" the Commissioner's counsel by email as suggested in Plaintiff's reply. However, the court suggests that the "consultation" required by the Local Rule to be initiated by the party seeking fees contemplates more than an exchange of emails or text messages by counsel playing "phone tag," or seeking to shift the onus onto opposing counsel. It is, in fact, counsel's responsibility to consult as contemplated by the rule, and then to provide a statement of consultation to the court setting forth "the date of consultation, the names of those who participated, and the specific results achieved," as required by the rule. D. Kan. R. 54.2(d). The purpose of Local Rule 54.2 is to encourage the parties to work together to see if they can cooperatively determine whether statutory fees are appropriate in a case, and if not, to identify and narrow the issues to be determined by the court. The

court expects that in the future, counsel for both parties will seriously endeavor to consult on the issues, and will inform the court accordingly.

It is clear that the parties have not reached an agreement on attorney fees in this case, but Plaintiff has not filed a statement of consultation indicating that they have been unable to reach an agreement, or setting forth the specific results achieved in the consultation, as required by the rule. D. Kan. R. 54.2(c)(1), (d). Moreover, the rule provides that the court "will not consider a motion for statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party files the statement of consultation in compliance with this rule." D. Kan. R. 54.2(d). Although the court could deny the motion on that basis alone, because the Commissioner has filed her objection to the award of attorney fees without waiting for Plaintiff to file a statement of consultation, the court finds that the motion is ripe, and will rule on it without waiting for a statement of consultation.

## II. Attorney Fees

### A. Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA, 28 U.S.C. § 2412(d)(1)(A), requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.[1] Gilbert v. Shalala, 45 F.3d

---

[1]In relevant part, the EAJA states:

1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The Commissioner bears the burden to show substantial justification for her position. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Estate of Smith, 930 F.2d at 1501. The test for substantial justification is one of reasonableness in law and fact. Id. "Thus, the government's position must be justified to a degree that could satisfy a reasonable person . . . [and] can be justified even though it is not correct." Id. (citations and internal quotation marks omitted).

"'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." Hackett, 475 F.3d at 1174. But the Tenth Circuit has recognized an exception when the government advances a reasonable litigation position that "cure[s] unreasonable agency action." Id. at 1173–74. In the social security context, the court has interpreted that exception to include "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." Groberg v. Astrue, 505 F. App'x 763, 765–66 (10th Cir. 2012).

---

> (d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

### B. The Parties Arguments

The Commissioner argues that even though the court remanded because the ALJ erroneously determined that Ms. Von Hoy was not an acceptable medical source, her determination that Ms. Von Hoy's should be accorded little weight was substantially justified because the ALJ provided additional reasons, supported by record evidence, for the decision to discount Ms. Von Hoy's opinion. (Comm'r Resp. 3-4). She argues that this was a reasonable basis in law and fact for her decision, even though not ultimately considered persuasive by the court.

In her reply, Plaintiff argues that the Commissioner's position was not substantially justified. She argues that the Commissioner's position at the agency level (the administrative law judge's (ALJ) position) was not substantially justified because the ALJ applied the incorrect standard in determining that Ms. Von Hoy was not an acceptable medical source (and therefore not a treating source). (Pl. EAJA Reply 3). She asserts that the Commissioner's EAJA response did not address the Commissioner's litigation position, and argues that position was not substantially justified. She argues this is so because although the Commissioner argued that the ALJ's error (in finding that Ms. Von Hoy was not an acceptable medical source and a treating source) was harmless, the court determined it was not a harmless error because a fact-finder who recognized that Ms. Von Hoy was an acceptable medical source could have accorded the opinion greater weight. Id. at 4.

### C. Analysis

The court remanded this case to the Commissioner because the ALJ erred in finding that Ms. Von Hoy is not an acceptable medical source, and therefore did not consider her opinion as a "medical opinion" within the meaning of the Social Security regulations, and did not consider whether her opinion should be accorded controlling weight or deference as a treating source opinion. (Doc. 17, pp. 8-9). And, despite the Commissioner's argument before this court, the court found the error was not harmless because "a factfinder who was aware that Ms. Von Hoy is in fact an acceptable medical source, and therefore a treating source, could easily have accorded greater weight to Ms. Von Hoy's opinion." Id. at 9.

Nevertheless, the court finds that the government's position, both at the agency level and before this court was substantially justified. At the agency level of adjudication, the ALJ determined, erroneously, that Ms. Von Hoy is not an acceptable medical source, and accorded her opinion little weight. (R. 39). However, the finding that Ms. Von Hoy was not an acceptable medical source was not the only basis given by the ALJ to discount Ms. Von Hoy's opinion. She also explained that she did so because treating notes did not reflect marked limitations and Ms. Von Hoy found four marked limitations, and because there were no hospital admissions while under Ms. Von Hoy's care. (R. 39). Despite the ALJ's erroneous findings, there was clearly a reasonable basis in fact and law articulated by the ALJ to discount Ms. Von Hoy's opinion. Even had the ALJ recognized that Ms. Von Hoy was an acceptable medical source, she would have had a reasonable basis in fact and law to discount Ms. Von Hoy's opinion – at least to some extent.

7

Moreover, in her arguments before this court, the Commissioner's position was also substantially justified. The Commissioner acknowledged before this court "that the ALJ erred in finding that Ms. Von Hoy is not an acceptable medical source." (Doc. 17, p.4). But she also argued that the error was harmless, in part, because the ALJ had stated the reasons just mentioned above to discount the opinion. Although the court found that the ALJ's error was not harmless because a factfinder properly understanding Ms. Von Hoy is an acceptable medical source "could easily have accorded greater weight to Ms. Von Hoy's opinion," the court also recognized that such a factfinder "would not be required" to accord the opinion greater weight. (Doc. 17, p.9). In such circumstances, there is clearly a reasonable basis in law and fact for the Commissioner's arguments before this court, requiring the court to find that the government's position was substantially justified within the meaning of the EAJA.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney fees (Doc. 19) is DENIED.

Dated this 5th day of February 2016, at Kansas City, Kansas.

        s:/ John W. Lungstrum
        **John W. Lungstrum**
        **United States District Judge**